Clifford S. Davidson, OSB No. 125378
cdavidson@sussmanshank.com
Kristen G. Hilton, OSB No. 151950
khilton@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
Attorneys for Plaintiff Brian Addison

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
(Pendleton Division)

| | |
|---|---|
| **BRIAN ADDISON**, an individual, | Case No. 2:15-cv-2041 |
| Plaintiff, | |
| v. | **COMPLAINT FOR:** |
| **CITY OF BAKER CITY**, a municipal corporation**,** Police Chief **WYN LOHNER**, in his individual capacity, and **DOE OFFICERS 1-10**, in their individual capacities, | (1) Retaliation for First Amendment Conduct (42 U.S.C. § 1983) |
| | (2) Tortious Interference with Economic Relations |
| Defendants. | (3) Defamation |

## INTRODUCTION

1.      Plaintiff, a journalist, wrote an editorial criticizing the Baker City Police Department in 2008.  Since, and as the result of, the publication of his editorial, Plaintiff has been the subject of a series of harassing, defamatory and economically damaging actions by Baker City police officers.

Page 1 - COMPLAINT

2.    Even years after Plaintiff wrote the editorial, the Baker City police contacted his new employer and suggested that Plaintiff had a criminal background that made him unsuitable for employment.  Plaintiff's employer fired him as a result of this statement and an inaccurate "Fact File" that Defendants advised Plaintiff's employer to obtain.

3.    Defendants' conduct has left Plaintiff unemployed and fearful of further retaliation.

4.    Through this lawsuit, Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and attorneys' fees.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(3).  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims as those claims form part of the same case or controversy under Article III of the United States Constitution.

6.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

7.    This Complaint has been filed in the Pendleton Division pursuant to Local Rule 3-2 because a substantial part of the events giving rise to Plaintiff's claims occurred in Baker County, Oregon.

## PARTIES

8.    Plaintiff Brian Addison is a private citizen.  At all times during which the

Page 2 - COMPLAINT

wrongful acts alleged occurred, he was a resident of Baker City, Oregon.  Plaintiff is a journalist.  He has been a reporter for the *Record-Courier* and *Wallowa County Chieftain*, in addition to freelance work.  He currently is a contract reporter for the *Baker County Press*.

9.      At all relevant times, Defendant Lohner has been the Police Chief of the Baker City Police Department.  He is sued in his individual capacity and is a "person" subject to suit within the meaning of 42 U.S.C. § 1983.  Defendant Lohner is domiciled in Oregon.

10.     At all relevant times, Defendant Doe Officers 1-10 have been, or were, members of the Baker City Police Department.  They are sued in their individual capacities and are "persons" subject to suit within the meaning of 42 U.S.C. § 1983. The true names of Defendant Doe Officers 1-10 are unknown to Plaintiff.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named Defendants is responsible for some part of the conduct or liabilities alleged herein.  Discovery will reveal further information concerning Doe Officers 1-10, but Plaintiff is informed and believes, and thereon alleges, that Doe Officers 1-10 have been domiciled in Oregon at all relevant times.

11.     At all relevant times, Defendant City of Baker City has been a municipal corporation duly incorporated and authorized under the State of Oregon pursuant to ORS 221.020.  Defendant City of Baker City is authorized under section 5 of the Baker City Charter to maintain a police department, the Baker City Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately

Page 3 - COMPLAINT

responsible.  Plaintiff is informed and believes, and thereon alleges, that Defendant

Lohner is the final policymaker for Defendant City of Baker City in matters pertaining to

the Baker City Police Department.

12.    At all relevant times, Defendants acted under color of state law.

## FACTUAL BACKGROUND

### Plaintiff's Speech Activity in 2008

13.    In March 2008, Plaintiff was employed as a news reporter at the *Record-Courier*, a newspaper in Baker City, Oregon.  Plaintiff's duties included investigating and

writing articles about local news and politics, and writing opinion pieces.  Plaintiff began

working for the Record-Courier in or around February 2006.

14.    Also in March 2008, Defendant Lohner wrote a weekly column that

appeared in the *Record-Courier*.

15.    On March 6, 2008, the *Record-Courier* published an editorial bearing the

headline "How About a Favorable Interpretation of the 4th Amendment," which was

authored by Plaintiff.  The editorial criticized the Baker City Police Department Drug

Enforcement Canine Unit for patrolling the Baker High School gymnasium during

halftime of a high school girls' basketball game and called the "random search by a

canine unit" a violation of the Fourth Amendment of the U.S. Constitution (the

"Editorial").  A true and correct copy of the Editorial is attached as Exhibit A and

incorporated herein.

16.    On March 7, 2008, the morning after the Editorial was published,

Defendant Lohner demanded a meeting with Plaintiff and the editor of the *Record-Courier*, Debbie Schoeningh.

Page 4 - COMPLAINT

17.    At the meeting, which Plaintiff attended, Lohner demanded that the *Record-Courier* retract the Editorial.  Lohner threatened to stop writing his weekly column if the newspaper did not agree to this demand.

18.    The *Record-Courier* did not retract the Editorial.  However, on March 8, 2008, it issued a statement clarifying that the Editorial was purely Plaintiff's opinion and did not reflect the opinion of the newspaper.  This clarification by the *Record-Courier* further stated that the newspaper supported Plaintiff's right to express his opinion.

**The Leader of the Canine Team Criticized in the Editorial Issues Plaintiff a Stalking Citation Shortly After the Editorial Runs**

19.    The *Record-Courier* changed owners shortly after the Editorial ran.

20.    On June 5, 2008, Plaintiff was terminated from his position at the *Record-Courier*.

21.    The following day, June 6, 2008, Plaintiff returned to the offices of the *Record-Courier* to retrieve his final paycheck.  While there, Plaintiff became enmeshed in a heated discussion with the *Record-Courier*'s new owner/editor and publisher.  While Plaintiff made some inflammatory statements, the parties involved later stated that they did not feel threatened by him.

22.    Later that day, June 6, 2008, Officer Wayne Chastain of the Baker City Police Department appeared at Plaintiff's house and notified Plaintiff that a harassment complaint had been made against him by persons at the Record-Courier.

23.    Officer Chastain issued Plaintiff a civil stalking citation and told him to appear in court on June 10, 2008.

24.    Officer Chastain is the same Baker City Police Officer who led the canine

Page 5 - COMPLAINT

unit through the high school girls' basketball game, as Plaintiff described and criticized in the Editorial.

25.     The stalking citation required Addison to appear in Baker County Circuit Court on June 10, 2008 to show cause why a restraining order should not be issued.

26.     The Circuit Court declined to issue a restraining order and dismissed the citation.

**Baker City Police Officers Target Plaintiff**

27.     Prior to publication of the Editorial in March 2008, Plaintiff's only police-initiated contact had been in the 1980s when he received a few traffic citations.

28.     Shortly after the Editorial was published, Plaintiff was stopped by Baker City Police Officer Mike Regan while walking home from the grocery store.  Officer Regan asked Plaintiff for ID and then began rifling through Plaintiff's grocery bags.  Officer Regan did not issue Plaintiff a warning or citation, and never explained the reason for stopping Plaintiff.

29.     Between June 2008 and April 2010, Plaintiff regularly was followed by Baker City Police officers while driving and was occasionally stopped for alleged traffic violations.  Plaintiff was warned by police but never cited.

30.     In 2010, Plaintiff moved to Enterprise, Oregon to take a job as a reporter for the *Wallowa County Chieftain*, a newspaper there.  He moved back to Baker City in April 2012.

31.     Shortly after Plaintiff's return to Baker City, the Baker City Police Department resumed its practice of regularly following Plaintiff while he was driving and stopping him for alleged traffic violations.  On all but one of those occasions, Plaintiff

Page 6 - COMPLAINT

was given warnings by police but was not ticketed.  The only ticket Plaintiff received

was for expired tags.  That ticket was issued on or about April 25, 2013.

32.    Plaintiff is informed and believes, and thereon alleges, that the actions

taken by Baker City Police Officers against Plaintiff between 2008 and 2014, including

following Plaintiff while he was driving, and stopping Plaintiff without arresting or

ticketing him, were done at the direction of or with the knowledge and approval of

Defendant Lohner.  As discussed in greater detail below, Lohner had flagged Addison

for special police attention.

**The Baker City Police Retaliate Further, This Time Costing Plaintiff His Job**

33.    On or about August 25, 2014, Plaintiff was hired by New Directions

Northwest, Inc. ("New Directions"), a non-profit organization that serves Baker County,

Oregon with drug and alcohol addictions services, residential treatment, and prevention.

Plaintiff was an at-will employee with the title of Supported Employment Specialist.

Plaintiff's salary was approximately $30,000 per year.

34.    On November 10, 2014, the *Baker City Herald*, a newspaper in Baker City,

published an article about Plaintiff and his work at New Directions (the "Article").  A true

and correct copy of the Article is attached as Exhibit B and incorporated by reference

herein.  The Article also states that Plaintiff had recently appeared before the Baker City

Council to explain his role at New Directions and ask that the city consider hiring his

clients.

35.    On November 14, 2014, Plaintiff was fired by New Directions.  Following

his firing, Plaintiff filed a complaint with the State of Oregon Bureau of Labor and

Industries ("BOLI"), alleging wrongful termination.

Page 7 - COMPLAINT

36.     In or around January 2015, the BOLI investigator assigned to Plaintiff's complaint sent Plaintiff copies of two police records that had been obtained by New Directions on November 14, 2014, just prior to New Directions' termination of Plaintiff. One record was titled "Fact File," and the other record was the Incident Report related to Plaintiff's 2008 civil stalking citation. A redacted copy of the "Fact File" is attached as Exhibit C and incorporated by reference herein.[1]

37.     The "Fact File" contains false statements of fact and/or falsely implies undisclosed facts. For instance, the "Fact File" states that Plaintiff had been ticketed eleven times since 2009. In fact, Plaintiff received one ticket from the Baker City Police Department for having expired tags.

38.     The "Fact File" also states, "Per 601, flag as caution." Plaintiff is informed and believes, and thereon alleges, that "601" refers to the Chief of the Baker City Police Department, Defendant Lohner.

39.     The Incident Report contains the redacted notes of the Police Officer who issued the stalking citation complaint. The Incident Report states that the officer "issued the Stalking Citation to" Plaintiff and the "Fact File" reflects that Plaintiff received a ticket for stalking on June 6, 2008. Neither the Incident Report nor the "Fact File" state that the stalking citation was dismissed.

40.     The Baker County Sheriff's Office, which is located in Baker City, Oregon is the custodian of records for the Baker City Police Department. Plaintiff is informed

---

[1] The redaction in the "Comments" section of Exhibit C, and at the bottom of Exhibit C, were not made by Plaintiff.

Page 8 - COMPLAINT

and believes and thereon alleges that the "Fact File" and Incident Report were created by the Baker City Police Department and that the information contained therein was input by Defendant Doe Officers 1-10, not by employees of the Baker County Sheriff's Office.

41.     Plaintiff withdrew his BOLI complaint and the BOLI case was closed on or about February 10, 2015.  Plaintiff withdrew his BOLI complaint in light of information from BOLI indicating that it was police misconduct, rather than wrongful acts by New Directions, that resulted in his termination.

**Plaintiff Learns That Baker City Police Contacted His Employer**

42.     On or about July 30, 2015, the American Civil Liberties Union of Oregon, acting on Plaintiff's behalf, made a Public Records Request to BOLI for Plaintiff's BOLI investigation file and any final report issued in connection therewith.

43.     Plaintiff received a copy of the BOLI investigation file on or about August 18, 2015.  The BOLI investigation file includes a position statement submitted by counsel for Plaintiff's former employer, New Directions.

44.     Based on information contained in the BOLI investigation file, Plaintiff is informed and believes, and thereon alleges, that on November 12, 2014, Defendant Doe Officer 1 of the Baker City Police Department called Marji Lind, Clinical Director at New Directions, regarding Plaintiff.  Based on information contained in the BOLI investigation file, Plaintiff is informed and believes, and thereon alleges, that Defendant Doe Officer 1 stated to Ms. Lind that Doe Officer 1 had seen the November 10, 2014 *Baker City Herald* article about Plaintiff, suggested that New Directions implement more rigorous background check procedures, and urged New Directions to request public

Page 9 - COMPLAINT

records about Plaintiff from local law enforcement – the implication being that Mr.

Addison has a criminal history and that he was not suited for employment at New

Directions.

45.     Based on information contained in the BOLI investigation file, Plaintiff is

informed and believes, and thereon alleges, that as a result of the telephone call from

Defendant Doe Officer 1, on November 14, 2014, a New Directions employee requested

copies of public records relating to Plaintiff from the Baker County Sheriff's Office.

Based on information contained in the BOLI investigation file, Plaintiff is informed and

believes, and thereon alleges, that New Directions obtained copies of the "Fact File"

and Incident Report from the Baker County Sheriff's Office and that those are the only

public records that New Directions received from law enforcement pertaining to Plaintiff.

46.     Based on information contained in the BOLI investigation file, Plaintiff is

informed and believes, and thereon alleges, that New Directions terminated Plaintiff's

employment relationship with Plaintiff because of the information contained in the "Fact

File" and Incident Report.

47.     Although the BOLI investigation file indicates that New Directions was still

evaluating Plaintiff and whether he was a good fit for New Directions – he had worked

there for only a few months – New Directions took no action against Plaintiff until after

receiving the "Fact File" and Incident Report on November 14, 2014.  Prior to that date,

Plaintiff was an employee in good standing, and had qualified for benefits.  Indeed, he

had been provided benefits paperwork to complete only one day earlier on November

13, 2014.

48.     Since his termination from New Directions, Plaintiff has worked as a

Page 10 - COMPLAINT

contract reporter for the *Baker County Press*.  Because of the actions taken against

Plaintiff by the Baker City Police Department, Defendant Lohner, and Defendant Doe

Officers 1-10, Plaintiff is unable to report on Baker City news and politics.  This inability

has injured Plaintiff's ability to earn a livelihood because Baker City is the largest city in,

and the county seat of, Baker County, Oregon.

49.     Plaintiff has relocated out of Baker City because of fear of further

retaliation by the Baker City Police Department and its officers – despite the fact that his

elderly mother lives in Baker City and requires his frequent care and attention.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### First Amendment Retaliation (42 U.S.C. § 1983)

### (Against Defendants Lohner and Doe Officers 1-10)

50.     Plaintiff realleges and incorporates paragraphs 1 through 49 as if fully set

forth herein.

51.     Plaintiff's Editorial is speech protected by the First Amendment to the U.S.

Constitution.

52.     Plaintiff's Editorial is the speech of a private citizen on a matter of public

concern.

53.     In 2014, Defendants, acting under color of law, took action against Plaintiff

in retaliation for Plaintiff's protected speech.  Defendants' retaliatory actions include (1)

making false and misleading statements about Plaintiff in the "Fact File", and (2)

contacting Plaintiff's then employer, New Directions, and suggesting that Plaintiff has a

significant criminal history precluding employment at New Directions when, in fact, he

Page 11 - COMPLAINT

does not.

54.     Plaintiff is informed and believes, and thereon alleges, that the actions of Defendant Doe Officer 1 were done at the direction of, or with the knowledge and approval of, Defendant Lohner, as well as other Defendant Doe Officers.

55.     In the alternative, Lohner conspired with Defendant Doe Officer 1 and/or additional Defendant Doe Officers to undertake the actions described above.

56.     Chilling Plaintiff's protected speech was a substantial or motivating factor for Defendants' actions.  This motive is evidenced by the fact that (1) the false "ticket" entries in the "Fact File" were made after publication of the Editorial; (2) Plaintiff was speaking in the newspaper (the Article) two days before Defendant Doe Officer 1 contacted New Directions; and (3) the Article describes Plaintiff's frequent advocacy on behalf of New Directions and its clients before the City Council of Baker City.

57.     The conduct described in this Claim was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights and to the harm that would result to Plaintiff.

58.     The conduct described in this Claim was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

59.     As a result of this conduct, Plaintiff suffered damages, including termination of his employment.

## SECOND CLAIM FOR RELIEF

### Supervisory Liability (42 U.S.C. § 1983)

### (**Against Defendant Lohner**)

60.     Plaintiff re-alleges and incorporates paragraphs 1 through 49, 51-54 and

Page 12 - COMPLAINT

56 as if fully set forth herein.

61.     Defendant Lohner was responsible for the supervision of Defendant Doe Officers 1-10.  Defendant Doe Officers 1-10, acting under color of law, took the actions described above against Plaintiff in retaliation for Plaintiff's protected speech.

62.     Defendant Lohner, acting under color of law, directed Defendant Doe Officers 1-10 to retaliate against Plaintiff or, alternatively, Defendant Lohner knew or should have known that Defendant Doe Officers 1-10 were retaliating against Plaintiff for exercising his First Amendment right to free speech and Defendant Lohner failed to act to prevent Doe Officers 1-10 from engaging in such conduct.

63.     Defendant Lohner's conduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights and to the resulting harm to Plaintiff.

64.     Defendant Lohner's conduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

65.     As a result of Defendant Lohner's acts or omissions, Plaintiff suffered damages, including termination of his employment.

**THIRD CLAIM FOR RELIEF**

**Municipal Liability (42 U.S.C. § 1983)**

(**Against Defendant City of Baker City**)

66.     Plaintiff realleges and incorporates paragraphs 1 through 49, 51-54 and 56 as if fully set forth herein.

67.     At all relevant times, Defendant Lohner, Chief of the Baker City Police Department, acted under color of law.

Page 13 - COMPLAINT

68.    The acts of Defendant Lohner deprived Plaintiff of his rights under the First and Fourteenth Amendments to the United States Constitution, which prohibit retaliation for the exercise of free speech.

69.    The City of Baker City is liable for the deprivation of Plaintiff's First Amendment rights because the deprivation was pursuant to a city custom, policy or practice of the City and/or its agents retaliating against citizens who criticize the Baker City Police Department.  Plaintiff is aware of others against whom Defendant Lohner and the Baker City Police Department have retaliated for lawful conduct.

70.    At all relevant times, Defendant Lohner had final policymaking authority for the City of Baker City's police department and engaged in the acts alleged herein while acting as a final policymaker for defendant City of Baker City.  As a result, Defendant City of Baker City is liable for the deprivation of Plaintiff's First Amendment rights because the unlawful actions were performed or approved by a person in a policymaking position for Defendant City of Baker City.

71.    Plaintiff suffered damages as a result of Defendant City of Baker City's policies, customs, and practice, including termination of Plaintiff's employment.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Economic Relations

### (Against Defendants Lohner and Doe Officers 1-10)

72.    Plaintiff realleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

73.    Plaintiff, an at-will employee of New Directions, had an economic relationship with New Directions.

Page 14 - COMPLAINT

74.     Defendants were not parties to the economic relationship between Plaintiff and New Directions.

75.     Defendants were aware of the economic relationship between Plaintiff and New Directions, and intended to interfere with the economic relationship between Plaintiff and New Directions.  This intention to interfere is a reason Defendant Doe Officer 1 called New Directions upon seeing the Article.

76.     Lohner conspired with Defendant Doe Officer 1 and/or additional Defendant Doe Officers to undertake the actions described above.

77.     It was the object of Lohner and at least one Doe Officer to interfere with Plaintiff's economic relationship with New Directions.

78.     Defendants interfered with the economic relationship between Plaintiff and New Directions through improper means, namely by retaliating against Plaintiff for exercising his First Amendment Rights and by defaming Plaintiff.  Specifically, (1) Defendants published or directed to be published false or misleading statements about Plaintiff in Baker City Police Department records and (2) Defendant Doe Officer 1 contacted New Directions and indicated or suggested during a telephonic conversation that Plaintiff had a criminal record, and/or that Plaintiff was unsuited for employment at New Directions, even though Defendant Doe Officer 1 knew such statement was false or had no reasonable basis for believing such statement was true.

79.     Defendants' interference caused harm to Plaintiff's economic relationship with New Directions because it resulted in New Directions' terminating Plaintiff's employment.

80.     Defendants' interference resulted in damages to Plaintiff.

Page 15 - COMPLAINT

81.     Defendants were not acting in the course or scope of their employment when they interfered with Plaintiff's economic relationship with New Directions.

82.     Lohner conspired with Defendant Doe Officer 1 and/or additional Defendant Doe Officers to undertake the actions described above.

83.     It was the object of Lohner and at least one other Doe Officer to interfere with Plaintiff's economic relationship with New Directions.

### FIFTH CLAIM FOR RELIEF

### Defamation

### (Against Defendants Lohner and Doe Officers 1-10)

84.     Plaintiff realleges and incorporates paragraphs 1 through 49 as if fully set forth herein.

### Count 1

85.     As described above, Doe Officer 1 called Plaintiff's employer and intentionally made statements implying to Plaintiff's employer that Plaintiff had a criminal history that precluded employment at New Directions.

86.     Based on the BOLI file, Plaintiff believes, and on that basis alleges, that Doe Officer 1 informed New Directions that Doe Officer 1 was with the Baker City Police Department.

87.     Based on the BOLI file, Plaintiff believes, and on that basis alleges, that Doe Officer 1 informed New Directions that Doe Officer 1 was calling in response to the Article in which Plaintiff was featured.

88.     In context, Doe Officer 1's statements were defamatory as they, at a minimum, excited adverse, derogatory or unpleasant feelings toward Plaintiff – as

Page 16 - COMPLAINT

evidenced by the fact that he was fired.

89.    Doe Officer 1's statements were false.  Plaintiff's criminal history comprised (and still comprises) a ticket for expired tags in 2013 and some traffic tickets in the 1980s.

90.    Doe Officer 1 knew that his or her statements were false, or reasonably should have known them to be false, in light of Doe Officer 1's position with the Baker City Police.

91.    Plaintiff's employer, New Directions, was a third party.

92.    Because Doe Officer 1's statements imputed to Plaintiff a criminal history, Doe Officer 1's statement(s) constituted slander per se.

93.    Because Doe Officer 1's statements suggested that Plaintiff was unfit for employment, Doe Officer 1's statement(s) constituted slander per se.

94.    Because Doe Officer 1's statements tended to injure the Plaintiff in his business or profession, Doe Officer 1's statements(s) constituted slander per se.

95.    Based on the "Fact File's" notation that Plaintiff had been flagged by Defendant Lohner for special treatment, and based on the fact that harassment of Plaintiff by the police restarted only after the Article was published, Plaintiff alleges that Defendant Lohner conspired with Doe Officer 1 and/or additional Doe Officers to publish defamatory statements.

## Count 2

96.    The "Fact File" falsely indicated that Plaintiff had been ticketed 11 times, in addition to the stalking citation.

97.    Further, by failing to mention the disposition of the stalking citation, the

Page 17 - COMPLAINT

Fact File falsely implied that the stalking citation was valid and had not been dismissed, and that Plaintiff had been restrained pursuant to it.

98.    The inaccuracies of the "Fact File" were exacerbated by Doe Officer 1's suggestion, described in Count 1 above, that Plaintiff's criminal record precluded him from working at New Directions and Doe Officer 1's reference to the "Fact File" as supporting evidence.

99.    Plaintiff is informed and believes, and thereon alleges, that Doe Officers 1 through 10 revised the "Fact File" specifically in anticipation of New Direction's request for that "Fact File."  This belief is supported by the fact that although the document is dated November 14, 2014, the comments section of the first page states "Brian was fired today 060608 from Record Courier where he was a reporter."  There is no apparent reason why the comments section to the file as a whole would mention the "stalking" incident from six years prior.

100.    Defendants Doe Officers 1 through 10, and Defendant Lohner, published the information in the "Fact File" by preparing the document and suggesting to New Directions that someone retrieve it.


    **WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    A.    On all claims for relief, an award of economic/compensatory and non-economic/special damages, including: loss of income and past and future impairment of earning capacity; injury to reputation, economically verifiable and otherwise; expenses related to having to relocate out of Baker City for fear of further retaliation; and emotional distress – all in an amount according to proof at trial.

Page 18 - COMPLAINT

B.      On Plaintiff's First and Second Claims for Relief, for punitive damages in an amount to be proven at trial;

C.      On Plaintiff's First, Second and Third Claims for Relief, for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

D.      On Plaintiff's First, Second, Third and Fifth Causes of Action, for an injunction (1) prohibiting Defendants from distributing the "Fact File" as presently drafted; and (2) requiring the Baker City Police to modify the "Fact File" to accurately reflect Plaintiff's criminal history; and

E.      For such further and other relief as the Court may deem just and equitable.


Dated this 29th day of October, 2015

        SUSSMAN SHANK LLP


        By ____/s/  Clifford S. Davidson_____
            Clifford S. Davidson, OSB No. 125378
            Kristen G. Hilton, OSB No. 151950
            Attorneys for Plaintiff Brian Addison


*23310-001\(02191980)

Page 19 - COMPLAINT